## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MATTHEW C. SCOTT**
*Plaintiff*

**v.**

**HOSPITAL SERVICE DISTRICT NO. 1
OF ST. CHARLES PARISH** *d/b/a*
**ST. CHARLES PARISH HOSPITAL and
ST. CHARLES OPERATIONAL
MANAGEMENT COMPANY, LLC**
*Defendants*

**CIVIL ACTION NO.  2:20-cv-00107**

**JUDGE:**

**MAGISTRATE JUDGE:**

---

## COMPLAINT

---

    **NOW INTO COURT**, through his undersigned counsel, come Plaintiff, Matthew

C.  Scott, who respectfully represents as follows:

### JURISDICTION AND VENUE ALLEGATIONS:

### 1.

    This court has subject-matter jurisdiction herein pursuant to 28 U.S.C. § 1331 and

28 U.S.C. § 1343 for Plaintiff's claims arising under federal law. This is an action seeking

injunctive relief, declaratory relief, attorneys fees and costs arising out of Defendants'

violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

("ADA"); Section 504 of the rehabilitation Act of 1973, 29 U.S.C. § 794 ("RA"); Section

1557 of the Patient Protection and Affordable Care Act, 42 USC § 18116 ("Section 1557"
or *"ACA"*). Plaintiff also seeks compensatory damages pursuant to the RA and ACA.
Plaintiff asserts that he was a qualified, disabled individual within the meaning of the
ADA, RA and ACA.   Plaintiff also asserts that he was not provided reasonable
accommodations by the Defendants and thereafter sustained harms and losses.

**2.**

Venue is appropriate in the United States District Court for the Eastern District of
Louisiana, pursuant to 28 U.S.C. § 1391(b), because the events giving rise to this action
occurred in this judicial district and Defendants reside in this same judicial district.

**<u>PARTIES:</u>**

**3.**

Plaintiff, MATTHEW C. SCOTT, *(hereinafter, "Scott")* is a person of the full age of
majority and a citizen and resident of Livingston Parish, Louisiana and is an individual
residing in Denham Springs, Louisiana. Scott communicates primarily in American Sign
Language *(hereinafter "ASL")* and is substantially limited in the major life activities of
hearing and speaking and is a qualified person with a disability within the meaning of
the ADA, RA, and ACA.

**4.**

Defendant, **HOSPITAL SERVICE DISTRICT NO. 1 OF ST. CHARLES PARISH**
***d/b/a*** **ST. CHARLES PARISH HOSPITAL**, *(hereinafter referred to as "St. Charles Parish*

*Hospital"),* is a political subdivision of the State of Louisiana with its principal business establishment located at 1057 Paul Maillard Rd, Luling, LA 70070. Defendant is a place of public accommodation under federal antidiscrimination laws and is a recipient of federal financial assistance, including Medicare and/or Medicaid reimbursements, thus making Defendant subject to the requirements of the ADA, RA, and ACA.

**5.**

Defendant, ST. CHARLES OPERATIONAL MANAGEMENT COMPANY, LLC, *(hereinafter referred to as "SCOMC"),* is a Louisiana domestic Limited Liability Company with its principal business establishment located at 1514 Jefferson Hwy., New Orleans, LA 70121. Defendant, SCOMC, is a wholly owned subsidiary of Ochsner Health System contracted to provide management, staff, and other assistance to operate St. Charles Parish Hospital. As such, SCOMC is a place of public accommodation under federal antidiscrimination laws and is a recipient of federal financial assistance, including Medicare and/or Medicaid reimbursements, thus making Defendant subject to the requirements of the ADA, RA, and Section 1557.

## FACTUAL ALLEGATIONS

**6.**

The Plaintiff, Scott is a profoundly Deaf individual who communicates primarily through ASL which is his expressed, preferred, and most effective means of communication. Scott is Deaf from birth with a diagnosis of Autism Spectrum

3

Disorder/Asperger Syndrome and Reading Disorder. He is unable to read lips nor use his voice with any proficiency.  With his diagnosis of Autism and Reading Disorder, Scott's ability to read and write English is limited to a 2nd grade level. His native and preferred language is ASL and for any communication involving topics of any degree of complexity to be effective, necessitates the use of ASL.

### 7.

On January 11, 2019, Scott accompanied by his mother, Kim Landry, presented to St. Charles Parish Hospital Behavioral Health Unit with suicidal ideations and major depression. He was subsequently admitted and evaluated by Emma E, Bernard, LCSW and Danielle Levy, MD.

### 8.

Upon admission, Ms. Landry specifically informed the hospital staff that Scott was deaf, that he has a diagnosis of Autism/Asperger Syndrome, that his communication skills were severely limited, and that he only has a 2nd grade reading level. As a result of these communication impediments, Scott and his mother requested that a live in-person ASL interpreter be present during his psychiatric evaluation in order to facilitate *effective* communication with the hospital staff, nurses and physicians during his hospital stay.

### 9.

At no time during his psychiatric evaluation was an ASL interpreter provided to Scott.  Instead, the hospital staff, nurses and physicians attempted to pass handwritten

4

notes but due to the inability to effectively communicate with Scott and his growing frustration of their lack of understanding, they ultimately resorted to having his mother, Kim Landry, provide ASL interpreting services.

**10.**

During the attempted conversation between Scott and his doctor there was information relayed to him that he did not fully comprehend. This lack of effective communication between Scott and his doctor led to confusion, fear, and anxiety regarding his emotional and psychiatric condition.

**11.**

The methods of communication used by St. Charles Parish Hospital and SCOMC to communicate with Scott - passing notes and forcing a family member to act as an interpreter—were not appropriate under the circumstances and did not provide Scott with communication equivalent to that provided to hearing persons. These methods of communication did not allow him to fully understand and discuss his psychiatric condition, treatment, medication options, and discharge instructions with his treating doctor.

**12.**

St. Charles Parish Hospital and SCOMC's failure to provide Scott with effective auxiliary aids and services in the form of an ASL interpreter caused him to experience fear, anxiety, emotional distress, isolation, segregation, frustration, invasion of his civil

rights, denial of self-determination, mental anguish, embarrassment, inconvenience, indignity, and/or humiliation.

**13.**

St. Charles Parish Hospital and SCOMC, through its staff, employees, nurses, and/or doctors, knew or should have known of their obligations under the ADA, RA and ACA to provide accommodations to individuals with disabilities, including individuals who are deaf, and to develop policies to promote compliance with these statutes.

**14.**

St. Charles Parish Hospital and SCOMC, through its staff, employees, nurses, and/or doctors, knew or should have known that the actions and/or inactions created an unreasonable risk of causing Scott greater levels of fear, anxiety, indignity, humiliation, and/or emotional distress than a hearing person or companion would be expected to experience.

**15.**

The harm sustained by Scott herein was an expected and foreseeable consequence of St. Charles Parish Hospital and SCOMC's failure to comply with the requirements and mandates of the ADA, RA and ACA.

**16.**

St. Charles Parish Hospital and SCOMC, through its staff, employees, nurses, and/or doctors, failed to assess the communication needs and abilities of Scott.

**17.**

Despite St. Charles Parish Hospital and SCOMC's explicit knowledge of its obligation to accommodate persons with disabilities – including individuals that are deaf – St. Charles Parish Hospital and SCOMC did not take adequate steps to ensure that it provided effective communication to Scott.

**18.**

As a result of St. Charles Parish Hospital and SCOMC's failure to ensure effective communication with Scott, he received services that were objectively substandard and inferior to those provided to hearing individuals.

**19.**

St. Charles Parish Hospital and SCOMC's wrongful discrimination against Scott based on disability is reflected by their failure to train its employees and promulgate effective policies of non-discrimination against deaf individuals.

**20.**

St. Charles Parish Hospital and SCOMC discriminated against Scott with deliberate indifference to his communication needs, causing him to endure humiliation, fear, anxiety, and emotional distress.

**21.**

It is reasonably foreseeable that Scott will seek St. Charles Parish Hospital and SCOMC's Behavioral Health Unit's healthcare services in the future, whether by choice

or necessity, he will once again become a patient of the Behavioral Health Unit due to his ongoing mental illness and need for future psychiatric care.

**22.**

Due to the ongoing discrimination Scott encountered, he reasonably anticipates that he will encounter discrimination again when he next returns to St. Charles Parish Hospital Behavioral Health Unit due to his ongoing mental illness and need for psychiatric care.

**FIRST CAUSE OF ACTION:**
**VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT**

**23.**

Scott reasserts the allegations of paragraphs 1-22 in support of his claims against St. Charles Parish Hospital and SCOMC for the violations of Section 504 of the rehabilitation Act of 1973, 29 U.S.C. § 794.

**24.**

At all times relevant to this action, Section 504 of the Rehabilitation, 29 U.S.C. § 794, has been in full force and effect and has applied to St. Charles Parish Hospital and SCOMC's conduct.

**25.**

At all times relevant to this action, the United States Department of Health and Human Services ("HHS") regulations implementing Section 504 of the Rehabilitation Act,

45 C.F.R. Part 84, have been in full force and effect and have applied to St. Charles Parish Hospital and SCOMC's conduct.

**26.**

At all times relevant to this action, Scott had substantial limitations to the major life activities of hearing and speaking and was an individual with a disability within the meaning of the Rehabilitation Act, 29 U.S.C. § 705(9).

**27.**

At all times relevant to this action, St. Charles Parish Hospital and SCOMC offered a program or activity receiving federal financial assistance pursuant to 29 U.S.C. § 794(b).

**28.**

St. Charles Parish Hospital and SCOMC discriminated against Scott solely based on disability, by denying him meaningful access to the services, programs, and benefits that they offered to other individuals, and by refusing to provide auxiliary aids and services necessary to ensure effective communication, in violation of 29 U.S.C. § 794.

**29.**

St. Charles Parish Hospital and SCOMC also discriminated against Scott, solely based on disability, by denying him reasonable accommodation requests, in violation of 29 U.S.C. § 794.

**30.**

Scott is therefore entitled to and seeks to recover compensatory damages for the harms and losses he sustained as a result of St. Charles Parish Hospital and SCOMC's discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant to 29 U.S.C. § 794(a).

**31.**

Scott is further entitled to and seek an award of attorneys' fees, costs, and disbursements pursuant to the Rehabilitation Act, 29 U.S.C. § 794(a).

## SECOND CAUSE OF ACTION:
## VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

**32.**

Scott reasserts the allegations of paragraphs 1-22 in support of their claims against Ochsner for the violations of Title III of the ADA, 42 U.S.C. § 12181, et seq.

**33.**

At all times relevant to this action, Title III of the ADA, 42 U.S.C. § 12181, et seq. has been in full force and effect and has applied to St. Charles Parish Hospital and SCOMC's conduct.

**34.**

At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, have been in full force and effect and have applied to St. Charles Parish Hospital and SCOMC's conduct.

**35.**

At all times relevant to this action, Scott was substantially limited in the major life activities of hearing and speaking and is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

**36.**

St. Charles Parish Hospital and SCOMC owns and/or operates a place of public accommodation within the meaning of 42 U.S.C. § 12181(7)(F).

**37.**

Based on the above allegations as asserted herein, St. Charles Parish Hospital and SCOMC discriminated against Scott based on disability, in violation of Title III of the ADA and its implementing regulations.

**38**.

As set forth above, absent injunctive relief there is a real and immediate threat that St. Charles Parish Hospital and SCOMC's actions will recur with Scott the next time he is admitted to St. Charles Parish Hospital's Behavioral Health Unit  for psychiatric treatment and he will suffer future harm.

**39**.

As set forth above an award of nominal damages will act as a deterrent to St. Charles Parish Hospital and SCOMC from engaging in such violations in the future with Scott and with other Deaf individuals in similar circumstances and with similar needs.

**40.**

Scott is therefore entitled to injunctive relief, as well as an award of attorneys' fees, costs, nominal damages and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1).

## THIRD CAUSE OF ACTION:
## VIOLATIONS OF SECTION 1557 OF THE
## PATIENT PROTECTION AND AFFORDABLE CARE ACT

**41.**

Scott reasserts the allegations of paragraphs 1-22 in support of his claims against St. Charles Parish Hospital and SCOMC for the violations of Section 1557 of the Patient Protection and Affordable Care Act, 42 USC § 18116.

**42.**

At all times relevant to this action, Section 1557 of the Patient Protection and Affordable Care Act, 42 USC § 18116 was in full force and effect and applied to St. Charles Parish Hospital and SCOMC's conduct.

**43.**

At all times relevant to this action, Section 1557, 42 USC § 18116, incorporated

the definition of disability in the Rehabilitation Act, 29 U.S.C. § 705(9).

**44.**

At all times relevant to this action, Scott had substantial limitations to the major life activity of hearing and speaking and was an individual with disabilities within the meaning of the Rehabilitation Act, 29 U.S.C. § 705(9) and of Section 1557, 42 USC § 18116.

**45.**

At all times relevant to this action, Scott's primary language for communication was American Sign Language and not English; and Scott had limited ability to read, write, speak, or understand English, and was an individual with limited English proficiency within the meaning of Section 1557, 45 C.F.R. § 92.4.

**46.**

At all times relevant to this action, St. Charles Parish Hospital and SCOMC received federal financial assistance, including Medicare and Medicaid reimbursements, and was principally engaged in the business of providing health care. Therefore, St. Charles Parish Hospital and SCOMC is a health program or activity receiving federal financial assistance pursuant to 42 U.S.C. § 18116(a).

**47.**

St. Charles Parish Hospital and SCOMC discriminated and continues to discriminate against Scott solely based on disability, by denying him meaningful access to the services, programs, and benefits that they offer to other individuals and by refusing

to provide auxiliary aids and services necessary to ensure effective communication in violation of Section 1157, 42 U.S.C. § 18116.

**48.**

St. Charles Parish Hospital and SCOMC discriminated against Scott by failing to ensure effective communication by not providing an on-site qualified ASL interpreter as was required under the circumstances for this patient.

**49.**

St. Charles Parish Hospital and SCOMC discriminated against Scott by denying reasonable accommodation requests.

**50.**

On information and belief, the refusal to provide an ASL interpreter to Scott is as a result of a policy or practice of St. Charles Parish Hospital and SCOMC to prohibit or impede the use of on-site qualified ASL interpreters.

**51.**

Scott is therefore entitled to and seek to recover compensatory damages for the injuries and loss he sustained as a result of St. Charles Parish Hospital and SCOMC's discriminatory conduct as hereinbefore alleged, pursuant to 42 U.S.C. § 18116(a).

**52**.

Scott is further entitled to and seeks an award of attorney's fees, costs, and disbursements pursuant to 42 U.S.C. § 18116(a), the Rehabilitation Act, 29 U.S.C. § 794(a).

14

## JURY DEMAND

**53.**

The Plaintiffs respectfully demands trial by jury on all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Matthew C. Scott respectfully prays that this Court grant the following relief against the Defendants herein:

1. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that St. Charles Parish Hospital and SCOMC's policies, procedures, and practices subjected Scott to unlawful discrimination in violation of the RA, ADA, and ACA;

2. Issue an injunction forbidding St. Charles Parish Hospital and SCOMC from implementing or enforcing any policy, procedure, or practice that denies Deaf individuals, or their companions, meaningful access to full and equal enjoyment of their facilities, services or programs;

3. Issue an injunction ordering the Defendants:

   a. To develop, implement, promulgate, and comply with a policy prohibiting future discrimination against Scott and other Deaf individuals by failing to provide effective communication;

   b. To develop, implement, promulgate, and comply with a policy requiring that when a Deaf individual request an in-person on-site ASL interpreter as

15

required for effective communication one will be provided as soon as practicable in all services offered by St. Charles Parish Hospital and SCOMC;

c.      To develop, implement, promulgate, and comply with a policy to ensure that St. Charles Parish Hospital and SCOMC will notify individuals who are deaf or hard of hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that St. Charles Parish Hospital and SCOMC will provide ASL interpreters, videophones, and other communication services to ensure effective communication with Deaf individuals;

d.      To create and maintain a list of ASL interpreters and ensure availability of such interpreters at any time of day or night;

e.      To train all employees, staff, and other agents on a regular basis regarding the rights of individuals who are deaf under the ADA, RA and ACA;

f.      To train all employees, staff, and other agents on a regular basis regarding St. Charles Parish Hospital and SCOMC's policies on how to properly use Video Remote Interpreting Services *("VRI")* (including how to set up the VRI system and how to obtain technical assistance in case of system malfunction or failure) and how to obtain ASL interpreters when reasonably requested by Deaf individuals;

4.      Award to Matthew C. Scott:

      a.      Compensatory damages pursuant to the RA and ACA;

      b.      Nominal damages pursuant to the ADA;

      b.      Reasonable costs and attorneys' fees pursuant to the ADA, RA and ACA;

      c.      Interest on all amounts at the highest rates and from the earliest dates allowed by law;

      d.      Any and all other relief that this Court finds necessary and appropriate.

<div style="margin-left: 40%;">

Respectfully Submitted:
**BIANCA LAW FIRM**

/s/ Dominick M. Bianca
**DOMINICK M. BIANCA (#26802)**
8212 Summa Ave.
Baton Rouge, Louisiana 70809
Telephone: (225) 925-2877
Facsimile: (225) 925-2875
Email: rusty@biancalawfirm.com
*Counsel for Plaintiff, Matthew C. Scott*

</div>

17